# GREEN KAMINER MIN & ROCKMORE LLP

| | |
|---|---|
| **Manhattan** | **Long Island** |
| 420 Lexington Ave., Ste 2821 | 600 Old Country Rd., Ste. 410 |
| New York, New York 10170 | Garden City, New York 11530 |
| T. 212.681.6400 | T. 516.858.2115 |

March 14, 2025

**VIA ECF FILING**

Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  *Re*: *Reid v. Remekie*
    Case No. 1:25-cv-00904-RER-JRC

Dear Judge Reyes:

  Our firm has been recently retained by Petitioner Audley Reid in this Hague Convention proceeding. We write to request a pre motion conference as Respondent Nina Remekie's has filed her Answer six (6) days late in violation of the "Discovery and Trial Management Order" ("Scheduling Order") dated March 3, 2025, directing that "Respondent's Answer must be filed by 3/7/25."

  On March 13, 2025, we contacted Respondent's counsel regarding her failure to file an Answer and asked to meet and confer. They did not respond but belatedly filed her Answer shortly thereafter. ECF No. 17. The Answer she filed is extremely thin and contains equitable defenses, such as unclean hands, that are not available under the Hague Convention. *See Karpenko v. Leendertz*, 619 F.3d 259, 265–66 (3d Cir. 2010) ("We conclude that application of the unclean hands doctrine would undermine the Hague Convention's goal of protecting the well-being of the child, of restoring the status quo before the child's abduction, and of ensuring 'that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.'") (citation omitted); *see also* I*n re Application of Stead v. Menduno*, 77 F.Supp.3d 1029, 1037 (D. Colo. Dec. 29, 2014) ("The equitable doctrines invoked by respondent are not mentioned in the Convention and are therefore not properly brought as defenses to a petition for return of the child."); *Uzoh v. Uzoh*, 2012 WL 1565345, at *6 (N.D. Ill. May 2, 2012) ("The Hague Convention does not recognize unclean hands as a defense.").

  Petitioner intends to seek various relief related to Respondent's late Answer, which is severely prejudicial to Petitioner. This includes moving to strike her Answer, seek appropriate sanctions, including legal fees, or to strike defenses are not legally cognizable under the Hague Convention.

  Moreover, pursuant to this Court's Scheduling Order, the parties were directed to exchange all discovery requests by March 14, 2025 (Notice of Electronic Filing, dated March 3,

2025) and to provide expert disclosures by March 28, 2025. Given the incredibly tight timelines of this case, this delay and noncompliance with the Court's Scheduling Order compounds the prejudice to Petitioner.

Given the foregoing, Petitioner respectfully requests a pre motion conference to address the issues referenced herein.

Truly yours,

*/s/Richard Min*
Richard Min
Green Kaminer Min & Rockmore, LLP
420 Lexington Avenue, Suite 2821
New York, NY 10170

*Attorneys for Petitioner*
Audley Reid