**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____
In the Matter of A.A.F.R. and A.A.A.R. )
                                       )
AUDLEY REID                            )
                                       )   No. 1:25-cv-00904
              Petitioner,              )
                                       )   **JOINT PRE-TRIAL ORDER**
vs.                                    )
                                       )
NINA REMEKIE                           )
                                       )
              Respondent.              )
_____   )

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions, and agreements are adopted as the Pretrial Order herein.

**Parties and Counsel**

*Parties:*

1. Audley Reid, Petitioner.
2. Nina Remekie, Respondent.

*Counsel:*

1. Richard Min, Esq.
   Michael Banuchis, Esq.
   Green Kaminer Min & Rockmore LLP
   420 Lexington Avenue, Suite 2821
   New York, New York 10170
   (212) 681-6400
   rmin@gkmrlaw.com
   mbanuchis@gkmrlaw.com
   *Attorneys for Petitioner*

2. Michael C. Barrows, Esq.
   Jeffrey Arlen Spinner, Esq.
   Barrows Levy PLLC
   100 Quentin Roosevelt Avenue

>Garden City, NY 11530
>516-746-2300
>michael@barrowslevy.com
>jspinner@barrowslevy.com
>*Attorneys for Respondent*

**Statement of Jurisdiction**

This action is brought pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"). The Hague Convention became effective in the United States on July 1, 1988. Jamaica became a party to the Convention in 2017 and entered into partnership with the United States in 2019.

The objects of the Convention are as follows: (1) to secure the immediate return of Children wrongfully removed or wrongfully retained in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. Convention, art. 1.

This Court has jurisdiction pursuant to 22 U.S.C. § 9003 because this case involves the alleged removal and retention of two children under the age of sixteen (16) from their alleged habitual residence of Jamaica to the United States of America. The children at issue are residing in Rosedale, New York.

**Petitioner's Claims**

The Petitioner, Audley Reid (Father), and Respondent, Nina Remekie (Mother) are the parents of the subject Children (the "Children"). The Children are two (2) and three (3) years old.

The Convention applies to cases where children under the age of sixteen (16) years have been removed from their habitual residence in breach of Petitioner's rights of custody, which the Petitioner had been exercising at the time of the wrongful removal or wrongful retention of the children.

A petitioner who establishes wrongful removal or retention by a preponderance of the evidence has made out a *prima facie* case for return. *In re D.T.J.,* 956 F. Supp. 2d 523, 528 (S.D.N.Y. 2013). Removal or retention of a child is wrongful when "(1) the child was habitually resident in one State and has been removed to or retained in a different State; (2) the removal or retention was in breach of the petitioner's custody rights under the law of the State of habitual residence; and (3) the petitioner was exercising those rights at the time of the removal or retention." *Gitter v. Gitter*, 396 F.3d 124, 130–31 (2d Cir. 2005).

Here, Petitioner can unequivocally establish his *prima facie* case. At the time of Respondent's wrongful removal and retention of the Children in New York, (1) the Children were habitually resident in Jamaica and they were removed to the Eastern District of New York; (2) the removal was in breach of the Petitioner's custody rights under Jamaican law; and (3) the Petitioner was exercising those custody rights at the time of the wrongful removal, in that he is the father of the Children and has exercised custody rights over his Children since they were born.

**Statement of Relief Sought**

Petitioner is respectfully seeking an order following the evidentiary hearing directing that the subject Children be returned to Jamaica, their habitual residence, pursuant to Articles 1(a) and 12 of the Hague Convention on the Civil Aspects of International Child Abduction and Section 4(b) of the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9003(b).

Petitioner is also respectfully seeking an order directing Respondent to pay Petitioner for all costs and fees incurred to date by reason of the Children's wrongful removal and retention pursuant to 22 U.S.C. § 9007(b)(3) and the Hague Convention, Article 26.

**Respondent's Responses to Petitioner's Claims and Affirmative Defenses**

Respondent answers Petitioner's claims and asserts affirmative defenses as follows:

Respondent opposes Petitioner's application for an order returning the Children to Jamaica, asserting that Jamaica is not the Children's habitual place of residence.

Respondent further opposes the Petitioner's application, asserting that returning the Children to Jamaica would expose them to physical or psychological harm, or would otherwise place the Children in an intolerable situation. Specifically, Respondent asserts that the Petitioner's pattern of physical violence, threats and intimidation toward her, witnessed by the Children, constitute a "grave risk of harm" under Article 13(b) of the Hague Convention. Accordingly, the Respondent respectfully submits that the Court should find that a return to Jamaica would constitute a grave risk of physical and psychological harm to the Children and deny the return remedy.

Respondent further objects to the Petitioner's request for counsel fees and costs.

**Jury or Bench Trial**

The above-referenced case is to be tried without a jury and is scheduled for two (2) trial days, May 1 and 2, 2025. At this time, the parties do not believe that more than two days will be required for trial in this matter.

**Consent to Trial by a Magistrate Judge**

Both parties have not consented to trial of the case by a Magistrate Judge.

**Deposition Testimony**

The parties have not conducted depositions in this matter.

**Stipulations**

The parties agree to the following statements of fact:

(1)  Petitioner is a resident and citizen of Jamaica and the father of the subject Children.

(2)  Respondent is the mother of the subject Children. She maintains dual citizenship in Jamaica and the United States.

(3)  The Petitioner and Respondent first met in Washington, D.C., in 2019.

(4)  In August of 2020, Petitioner and Respondent began an intimate relationship.

(5)  Between August of 2020 and March 9, 2024, Respondent would travel to Jamaica to visit the Petitioner.

(6)  The parties attended regular couples therapy/counseling sessions.

(7)  In 2020, the Respondent fell pregnant and gave birth to the parties' daughter in August 2021.

(8)  The parties' son was born in February 2023.

(9)  The Children are dual citizens of Jamaica and the United States.

(10)  In May 2023, the Children were brought to Jamaica from New York.

(11)  The Children returned back New York in August 2023.

(12)  The Children were physically present in New York from September 6, 2023 through December 6, 2023, except for the period between October 5 and October 9, 2023, when they travelled back to Jamaica.

(13)  The Children returned to Jamaica in December 2023. and remained there until January 2025, except for a period of two weeks in July of 2024 when they were in Florida and one week in October of 2024, when they were in New York.

(14)  In January 2024, the Children were enrolled in pre-school in Jamaica, and they began participating in extra-curricular activities in Jamaica. At the time of enrollment, the Children were 11 months and 2 years old.

(15)     The parties had an argument in their bedroom on December 26, 2024.

(16)     Two police reports were filed in connection with the December 26, 2024 argument.

(17)     On January 24, 2025, Respondent and the Children flew from Jamaica to New York and have remained in New York since.

(18)     On February 18, 2025, Petitioner filed his Verified Petition pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or "Convention") and the International Child Abduction Remedies Act ("ICARA") seeking the return of the Children to Jamaica and alleging that the Children were wrongfully removed from Jamaica to the Eastern District of New York.

(19)     On March 13, 2025, Respondent filed her Answer, asserting several defenses.

The parties agree to the following statements of law:

(1)     United States District Court, Eastern District of New York has jurisdiction pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

(2)     Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because the Children and Respondent are residing at 134-05 244th Street, Rosedale, New York, 11422 in the Eastern District of New York; and because this matter involves a claim of removal of two children under the age of 16 from their habitual residence of Jamaica in the United States of America.

**Petitioner's Proposed Witnesses**

1. Petitioner, Audley Reid.
   Address: 2-6 Comlin Road, Hampshire Apartments, Unit 309, Kingston 5, Jamaica.

   Mr. Reid will testify with regard to all facts set forth in his Verified Petition for Return of the Children to Jamaica (ECF No. 1) and all relevant averments made in the Respondent's Answer

(ECF No. 17). Mr. Reid will be testifying in-person and the estimated length of testimony, including both direct and cross-examination, is two hours and a half.

2. <u>Respondent, Nina Remekie</u>
   Address: 134-05 244th Street, Rosedale, NY 11422.

Ms. Remekie can testify to the facts set forth in Petitioner's Verified Petition for Return of the Children to Jamaica (ECF No. 1) and all facts and statements made in her Answer (ECF No. 17). We understand that Ms. Remekie will be testifying in-person, and her cross-examination is expected to last approximately one hour.

3. <u>Dr. Peter Favaro</u>
   Address: 617 Port Washington Blvd, Port Washington NY 11050.

Dr. Favaro is designated as an expert witness for the Petitioner. He is expected to testify with regard to all opinions set forth in his Rebuttal Expert Report, and concerning any testimony or opinions proffered by Respondent's witnesses at the hearing concerning the Children's psychological risk. Dr. Favaro will be testifying in-person and the estimated length of testimony, including both direct and cross examination, is two hours.

4. <u>Jewel Reid</u>
   Address: Lot 78 Aventura Place, Portmore Country Club II, St. Catherine, Jamaica.

Ms. Reid is Petitioner's sister who is expected to testify regarding the Children's habitual residence in Jamaica, the parties' intent to remain permanently in Jamaica, Petitioner's relationship with the Children and the allegations of grave risk. Ms. Reid will be testifying in-person and the estimated length of testimony, including both direct and cross-examination, is 30 minutes.

5. <u>Dr. Tonoya Borrows</u>
   Address: Kingston 6, Jamaica W.I.

Dr. Borrows is a parent of A.A.F.R.'s friend who is expected to testify regarding the Children's habitual residence in Jamaica and Petitioner's relationship with the Children. Ms.

Borrows will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is 20 minutes.

6. Tanair Calder
   Address: Portmore, St. Catherine, Jamaica W.I.

Mr. Calder is a family friend who is expected to testify regarding the Children's habitual residence in Jamaica, the parties' intent to remain permanently in Jamaica and Petitioner's relationship with the Children. Mr. Calder will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is 20 minutes.

7. Andrene Harper
   Address: 90 Hubbard St., Bloomfield CT, 06002.

Ms. Harper is a family friend who is expected to testify regarding the Children's habitual residence in Jamaica and Petitioner's relationship with the Children. Ms. Harper will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is 20 minutes.

8. Allyson Mitchell
   Address: Havendale, Kingston 19, Jamaica W.I.

Ms. Mitchell is a family friend who is expected to testify regarding the Children's habitual residence in Jamaica and Petitioner's relationship with the Children. Ms. Mitchell will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is 20 minutes.

9. Marcia Hibbert
   Address: Mountain View Gardens, Kingston, Jamaica W.I.

Ms. Hibbert was one of the Children's nannies in Jamaica who is expected to testify regarding the Children's habitual residence in Jamaica, the parties' intent to remain permanently

in Jamaica and Petitioner's relationship with the Children. Ms. Hibbert will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is 20 minutes.

10. <u>Jahnelle Griffiths.</u>
    Address: Unity District, Lawrence Tavern, St. Andrew, Jamaica, W.I.

Ms. Griffiths was another nanny for the Children in Jamaica who is expected to testify regarding the Children's habitual residence in Jamaica, the parties' intent to remain permanently in Jamaica and Petitioner's relationship with Respondent and with the Children. Ms. Hibbert will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is 20 minutes.

11. <u>Dr. Ellen Weld.</u>
    Address: 71-58 Austin Street, Suite 208 Forest Hills, NY 11375

Dr. Weld is a licensed psychologist who supervised two visitation sessions between Petitioner and the Children. Dr. Weld is expected to testify regarding her observations of Petitioner and the Children during the visits. Dr. Weld will be testifying in-person and the estimated length of testimony, including both direct and cross-examination, is 30 minutes.

12. <u>Elizabeth Riccio, LMSW.</u>
    Address: 155-03 Jamaica Avenue, Jamaica, NY 11432

Ms. Riccio is a licensed social worker who supervised one visitation session between Petitioner and the Children. Dr. Riccio is expected to testify regarding her observations of Petitioner and the Children during the visits. Ms. Riccio will be testifying in-person and the estimated length of testimony, including both direct and cross-examination, is 30 minutes.

**<u>Respondent's Proposed Witnesses</u>**

1. <u>Respondent, Nina Remekie</u>
   Address: 134-05 244 Street, Queens NY 11362

Ms. Remekie will testify with regard to the averments made in Petitioner's Verified Petition for Return of the Children to Jamaica (ECF No. 1) and the relevant facts set forth in the Respondent's Answer (ECF No. 17). Ms. Remekie will be testifying in-person and the estimated length of testimony, including both direct and cross-examination, is two hours and a half.

2. Petitioner, Audley Reid
   Address: 2-6 Comlin Road, Hampshire Apartments, Unit 309, Kingston 5, Jamaica.

It is expected that Mr. Reid will testify with regard to the averments made in Petitioner's Verified Petition for Return of the Children to Jamaica (ECF No. 1) and the relevant facts set forth in the Respondent's Answer (ECF No. 17). In the interest of efficiency, the Respondent will examine this witness when he is called during the Petitioner's case in chief. It is expected that Mr. Reid will be testifying in-person, and his cross-examination is expected to last approximately one hour.

3. Elaine Remekie
   Address: 134-05 244 Street, Queens NY 11362 (Dixon_remekie@aol.com)

Ms. Elaine Remekie is the Respondent's mother. Ms. Elain Remekie is expected to testify regarding the Children's habitual residence in New York, the temporary nature of the Children's presence in Jamaica, the parties' relationship with the Children and the grave risk posed by the Petitioner. Ms. Elaine Remekie will be testifying in-person and the estimated length of testimony, including both direct and cross-examination, is expected to be 30 minutes.

4. Errol Remekie
   Address: 134-05 244 Street, Queens NY 11362 (remekie@icloud.cm)

Mr. Remekie is the Respondent's father. Ms. Elain Remekie is expected to testify regarding the Children's habitual residence in New York, the temporary nature of the Children's presence in Jamaica, the parties' relationship with the Children and the grave risk posed by the Petitioner. Mr.

Remekie will be testifying in-person and the estimated length of testimony, including both direct and cross-examination, is expected to be 30 minutes.

5. Simone Vaughn
    Address: 4808 Holly Drive, Tamarac, FL 33319 (simone.vaughn75@gmail.com)

Ms. Vaugh is the Respondent's sister. Ms. Vaugh is expected to testify regarding the Children's habitual residence in New York, the temporary nature of the Children's presence in Jamaica, the parties' relationship with the Children and the grave risk posed by the Petitioner. Ms. Vaughn will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is expected to be 20 minutes.

6. David Brown
    Address: 2 Devon Court, Nanuet, NY 10954 (davidbrownbiggs@aol.com)

Mr. Brown is a friend of the Petitioner and Respondent. Mr. Brown is expected to testify regarding the Children's habitual residence in New York, communications had with the parties, and personal observations of the parties and the Children. Mr. Brown will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is expected to be 20 minutes.

7. Beryl Harold
    Address: 6 Green Road, West Nyack, NY 10994 (bharold611@msn.com)

Ms. Harold is the Respondent's aunt. Ms. Harold is expected to authenticate the pictures of the injury to the Respondent's neck. Ms. Harold is expected to further testify regarding the Children's habitual residence in New York, communications had with the parties, and personal observations of the parties and the Children. Ms. Harold will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is expected to be 20 minutes.

8. Saude Dyer
   Address: 130-20 266 Street, Laurelton, NY 11413 (saude.dyre@yahoo.com)

Ms. Dyre is a friend of the Petitioner and Respondent. Ms. Dyre is expected to testify regarding the Children's habitual residence in New York, communications had with the parties, and personal observations of the parties and the Children. Ms. Dyre will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is expected to be 20 minutes.

9. Ralston Dickson
   Address: 2 Devon Court, Nanuet, NY 10954 (Ralston.o.diskson@gmail.com)

Mr. Dickson is the Respondent's cousin and a friend of the Petitioner. Mr. Dickson is expected to testify regarding the Children's habitual residence in New York, communications had with the parties, and personal observations of the parties and the Children. Mr. Dickson will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is expected to be 20 minutes.

10. Cheryll Smith
    Address: 1721 Emma Lane, Mohegan Lake, NY 10547 (cheryllasmith@gmail.com)

Ms. Smith is the Respondent's aunt. Ms. Smith is expected to testify regarding the Children's habitual residence in New York, communications had with the parties, and personal observations of the parties and the Children. Ms. Smith will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is expected to be 20 minutes.

11. <u>Dr. Jacqueline C. Campbell</u>
    Address:  Johns Hopkins School of Nursing
              525 N. Wolfe Street, Baltimore, Maryland 21205 (jcampbe1@jhu.edu)

Dr. Campbell is designated as an expert witness for the Respondent. Dr. Campbell is expected to testify regarding the opinions set forth in her Expert Report, the Danger Assessment testing performed during her evaluation of the Respondent, risk assessment in the field of Intimate Partner Violence and Femicide, and her finding that there exists a grave risk that a return of the Children to Jamaica would expose them to physical or psychological harm, or otherwise place them in an intolerable situation.  Hague Convention, Article 13(1)(b).

12. <u>Andrea Whitehurst</u>
    Address:  Riverton Street Charter School
              118-34 Riverton Street, Saint Albans, NY 11422
              (89.awhitehurst@nhaschools.com)

Ms. Whitehurst is the principal of the Riverton Street Charter School. Ms. Whitehurst is expected to testify that Respondent's leave of absence from her employment as a Social Worker for the Riverton Street Charter School was temporary and that her position was held open until she returned to New York.  Ms. Whitehurst will be testifying remotely and the estimated length of testimony, including both direct and cross-examination, is expected to be 20 minutes.

**Proposed Joint Witness List**

| Witness | Objection | Basis for Objection |
|---|---|---|
| **Petitioner's Witnesses** | | |
| Audley Reid | | |
| Nina Remekie | | |
| Dr. Peter Favaro | | |
| Jewel Reid | | |
| Tonoya Borrows | | |
| Tanair Calder | | |
| Andrene Harper | | |

| | | |
|---|---|---|
| Allyson Mitchell | | |
| Marcia Hibbert | | |
| Jahnelle Griffiths | | |
| Dr. Ellen Weld | | |
| Elizabeth Riccio | | |
| Petitioner reserves the right to call any individual identified by Respondent and not objected to by Petitioner. | | |
| Petitioner reserves the right to call any individual necessary for rebuttal. | | |
| Petitioner reserves the right to call any witnesses necessary to authenticate, or lay the foundation for, any document Petitioner might rely upon at trial. | | |
| **Respondent's Witnesses** | | |
| Nina Remekie | | |
| Audley Reid | | |
| Elaine Remekie | | |
| Errol Remekie | | |
| Simone Vaughn | | |
| David Brown | | |
| Beryl Howard | | |
| Saude Dyre | | |
| Ralston Dickson | | |
| Cheryll Smith | | |
| Dr. Jacqueline C Campbell | | |
| Andrea Whitehurst | Motion *in Limine* to preclude Andrea Whitehurst from testifying in this matter. | Ms. Whitehurst was not disclosed in Respondent's Rule 26(a)(1)(A) (i) disclosures. |
| Respondent reserves the right to call any individual identified by Petitioner and not objected to by Respondent. | | |
| Respondent reserves the right to call any individual necessary for rebuttal. | | |

| Respondent reserves the right to call any witnesses necessary to authenticate, or lay the foundation for, any document Respondent might rely upon at trial. | | |
|---|---|---|

**Proposed Joint Exhibit List**

| Exhibit # | Description | Objection | Admitted Date |
|---|---|---|---|
| **Petitioner's Exhibits** | | | |
| 1 | Respondent's Jamaican passport, dated August 25, 2023 | | |
| 2 | A.A.A.R.'s Certificate of Jamaican Citizenship, dated July 27, 2023 | | |
| 3 | A.A.F.R.'s Certificate Jamaican Citizenship, dated July 27, 2023 | | |
| 4 | A.A.A.R.'s Report Card for the 2024 Academic Year from preschool in Jamaica | | |
| 5 | A.A.F.R.'s Report Card for the 2024 Academic Year from preschool in Jamaica | | |
| 6 | Principal's letter to Petitioner confirming children's enrollment and extracurricular activities in preschool in Jamaica, dated February 26, 2025 | | |
| 7 | Email from Respondent to preschool in Jamaica re extra-curricular activities, dated December 11, 2024 | | |
| 8 | Email from Respondent to preschool in Jamaica | | |

|    |                                                                                                                        |              |    |
|----|------------------------------------------------------------------------------------------------------------------------|--------------|----|
|    | confirming children's continued enrollment for 2024-2025, dated August 15, 2024                                        |              |    |
| 9  | Invoice for A.A.A.R preschool fees, lunch and extracurricular activities in Jamaica, dated August 16, 2024             |              |    |
| 10 | Invoice for A.A.F.R. preschool fees, lunch and extracurricular activities in Jamaica, dated August 16, 2024            |              |    |
| 11 | Invoice for A.A.A.R preschool in Jamaica, dated December 11, 2024                                                      |              |    |
| 12 | Invoice for A.A.F.R. preschool in Jamaica, dated December 11, 2024                                                     |              |    |
| 13 | A.A.A.R Medical History Summary in Jamaica, dated February 25, 2025                                                    | **Hearsay.** |    |
| 14 | A.A.F.R. Medical History Summary in Jamaica, dated February 25, 2025                                                   | **Hearsay.** |    |
| 15 | Letter from A.A.A.R's Dentist in Jamaica, dated February 25, 2025                                                      | **Hearsay.** |    |
| 16 | Letter from A.A.F.R.'s Dentist in Jamaica, dated February 25, 2025                                                     | **Hearsay.** |    |
| 17 | A.A.A.R's Jamaican Health Insurance Card, dated June 1, 2023                                                           |              |    |
| 18 | A.A.F.R.'s Jamaican Health Insurance Card, dated February 1, 2022                                                      |              |    |
| 19 | Petitioner's response to Respondent's email re                                                                          | **Hearsay.** |    |

|  |  |  |  |
|---|---|---|---|
|  | permanent move to Jamaica, dated December 1, 2023 |  |  |
| 20 | Email from Respondent to Petitioner re move to Jamaica, dated December 20, 2023 |  |  |
| 21 | Email from Respondent to Petitioner re plans for 2024, dated December 29, 2023 |  |  |
| 22 | Email from Respondent to Petitioner re children remaining in Jamaica, dated January 5, 2024 |  |  |
| 23 | WhatsApp Correspondence between Parties from April 19, 2021, through to March 5, 2025 |  |  |
| 24 | Email from Respondent re resignation, dated February 24, 2024 |  |  |
| 25 | Email from Respondent to colleagues in New York seeking approval on resignation letter to parents, dated February 29, 2024 |  |  |
| 26 | Letter from Respondent re resignation, dated March 1, 2024 |  |  |
| 27 | Respondent's cover letter to American International School in Jamaica |  |  |
| 28 | Respondent's cover letter to Hillel Academy in Jamaica |  |  |
| 29 | Respondent's Response to Petitioner's Interrogatories |  |  |
| 30 | Respondent's Response to Petitioner's Request for Admissions |  |  |
| 31 | Receipt from Petitioner's police report in Jamaica re |  |  |

| | | | |
|---|---|---|---|
| | domestic dispute, dated December 27, 2024 | | |
| 32 | Dr. Weld's supervised visitation report, dated March 19 and 30, 2025 | | |
| 33 | Ms. Riccio's supervised visitation report, dated April 4, 2025 | | |
| 34 | Dr. Favaro's Rebuttal Expert Report | | |
| 35 | Photographs of Children's Life in Jamaica from January 2022 through January 24, 2025 | | |
| 36 | A.A.F.R.'s United States Passport | | |
| 37 | A.A.F.R.'s Jamaican Passport | | |
| 38 | A.A.A.R's United States Passport | | |
| 39 | A.A.A.R's Jamaican Passport | | |
| **Respondent's Exhibits** | | | |
| A | Emails between the parties dated November 29, 2023, December 1, 2023 | | |
| B | Email from Respondent to Step by Step Preschool & Kindergarten dated March 20, 2023 (response redacted) | | |
| C | Email from Respondent to preventabduction1@state.gov. Re: Passport Recovery for Minor Children dated April 24, 2024 | Hearsay. | |
| D | Pictures of Injuries to Respondent's Neck. | | |
| E | Jamaican Constabulary Force Customer Reference Form (CR-10) | | |
| F | Governmental Receipt for Police Report | | |

| | | | |
|---|---|---|---|
| G | Email from Respondent dated January 17, 2025 | Hearsay | |
| H | *Curriculum Vitae* of Dr. Jacqueline C. Campbell | Subject to the Expert Testimony Rules in FRE 702, 703 and 705. | |
| I | Danger Assessment Form (filled) | Subject to the Expert Testimony Rules in FRE 702, 703 and 705. | |
| J | Dange Assessment Scoring for Respondent | Subject to the Expert Testimony Rules in FRE 702, 703 and 705. | |
| K | Campbel, J., The Danger Assessment: Validation of a Lethality Risk Assessment Instrument for Intimate Partner Femicide, Journal of Interpersonal Violence, pp. 1-22 (July 2008) | Subject to the Expert Testimony Rules in FRE 702, 703 and 705 and FRE 803 (18). | |
| L | Campbell, J., Risk Factors for Femicide in Abusive Relationships: Results from a Multicase Control Study, American Journal of Public Health (July 2003, Vol 93, No. 7) | Subject to the Expert Testimony Rules in FRE 702, 703 and 705 and FRE 803 (18). | |
| M | Campbell, J., Helping Women Understand Their Risk in Situations of Intimate Partner Violence, Journal of Interpersonal Violence, pp. 1464-1477 (December 2004) | Subject to the Expert Testimony Rules in FRE 702, 703 and 705 and FRE 803(18) | |
| N | Hitt, A, Stop the Killing: Potential Courtroom Use of a Questionnaire that Predicts the Likelihood that a Victim of Intimate Partner Violence will be Murdered by Her Partner, Wisconsin Journal of Law, Gender & Society, pp. 277-312 | Subject to the Expert Testimony Rules in FRE 702, 703 and 705 and FRE 803(18). | |

| | | | |
|---|---|---|---|
| O | NYS Notice and Proof of Claim for Disability Benefits dated January 23, 2023 | <u>Hearsay; Relevance</u> | |
| P | Request for Paid Family Leave (NYSIF Form PFL-1) and related documents | <u>This document was not disclosed in Respondent's Rule 26(a)(1)(A) (i) disclosures despite it being responsive to Petitioner's Request for Production No. 10.</u> | |
| Q | Respondent's Response to Petitioner's Request for Admissions | | |
| R | Respondent's United States Passport | | |
| S | Respondent's Jamaican Passport | | |
| T | Respondent's Expert Report | | |

Dated: April 25, 2025
     New York, New York

| | |
|---|---|
| By: /s/ Richard Min<br>Richard Min<br>Michael Banuchis<br>Green Kaminer Min & Rockmore LLP<br>420 Lexington Avenue, Suite 2821<br>New York, New York 10170<br>Telephone: 212-681-6400<br>Facsimile: 212-681-6999<br>Email: rmin@gkmrlaw.com<br><br>*Attorneys for Petitioner*<br>Audley Reid | By: /s/Michael Barrows<br>Michael C Barrows<br>Barrows Levy PLLC<br>100 Quentin Roosevelt Avenue<br>Garden City, NY 11596<br>Email: michael@barrowslaw.com<br><br><br><br><br>*Attorneys for Respondent*<br>Nina Remekie |